IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANGELA D. MAXWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:19-cv-689-SMD |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

On August 12, 2016, Plaintiff Angela Maxwell ("Plaintiff") filed for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income (SSI). She alleged disability beginning January 15, 2015. Plaintiff's application was denied at the initial administrative level, after which she requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued an unfavorable decision, and the Appeals Council denied Plaintiff's request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review of that decision under 42 U.S.C. § 405(g).[2] Upon review of the record and parties' briefs, the Court REVERSES and REMANDS the decision of

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[2] Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. *Pl.'s Consent to Jurisdiction* (Doc. 11); *Def.'s Consent to Jurisdiction* (Doc. 10).

the Commissioner.

## I.     STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To make this determination, the Commissioner employs a five-step, sequential evaluation process:

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

20 C.F.R. §§ 404.1520, 416.920 (2011). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of not disabled." *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through step four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of

---

[3] *McDaniel* is a supplemental security income ("SSI") case. The same sequence applies to disability insurance benefits brought under Title II of the Social Security Act. SSI cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

qualifying disability once they have carried the burden of proof from step one through step four. At step five, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id.*

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Id.* at 1238-39. The RFC is what the claimant is still able to do, despite the claimant's impairments, based on all relevant medical and other evidence. *Id*. The RFC may contain both exertional and non-exertional limitations. *Id.* at 1242-43. At the fourth step, the ALJ must find whether the claimant can return to her past relevant work. *Id.* at 1238. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id.* at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines ("Grids"), *see* 20 C.F.R. pt. 404 subpt. P, app. 2, or call a vocational expert ("VE"). *Phillips*, 357 F.3d at 1239-40.

Grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

A federal district court's review of the Commissioner's decision is a limited one. A federal district court must find the Commissioner's decision conclusive if it is supported by substantial evidence. *See, e.g.*, 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420,

1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence." (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990))). A reviewing court must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *See, e.g.*, *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987); *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

## II.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was thirty-seven years old on her alleged disability onset date of January 15, 2015. Tr. 38. Plaintiff has a GED and past work experience as a cashier and stocker. Tr. 38. Plaintiff alleged disability and inability to work due to bone disease, arthritis, migraines, asthma, depression, bipolar disorder, anxiety, borderline personality disorder, and insomnia. Tr. 38.

In the administrative proceedings below, the ALJ made the following findings with respect to the five-step evaluation described above. First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date of January 15, 2015. Tr. 19. Second, the ALJ found that Plaintiff suffers from the following severe impairments: "bone disease; arthritis; migraines; asthma; depression; bipolar disorder; anxiety;

borderline personality disorder; alcohol use disorder; and insomnia . . . ." Tr. 19. Third, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments . . . ." Tr. 19.

Fourth, the ALJ articulated Plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform less than a full range of light work . . . The claimant can lift/ carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit, stand, and walk for up to 6 hours out of an 8 – hour workday with normal breaks. The claimant can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs. The claimant can occasionally stoop, kneel, crouch, crawl, and balance. The claimant should avoid concentrated exposure to extreme vibrations, unprotected heights, and hazardous machinery. The claimant can perform simple, routine, repetitive tasks in a work environment free of fast-paced production requirements involving simple decision[s] with few, if any, work place changes. The claimant can have casual occasional interaction with the public, co-workers, and supervisors. The claimant will be off task up to 5% (24 minutes) of the workday.

Tr. 22. The ALJ further found, at the fourth step, that Plaintiff is "unable to perform any past relevant work." Tr. 26. Fifth, the ALJ found that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." Tr. 26. Based on the testimony of the VE, the ALJ identified the following as representative occupations: "Produce weigher," "Silver wrapper," and "Sock ironer." Tr. 27. Accordingly, the ALJ concluded that Plaintiff "has not been under a disability . . . from January 15, 2015, through the date of this decision . . . ." Tr. 27.

## III. PLAINTIFF'S ARGUMENT

Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ failed to give proper weight to the opinion evidence in the record. (Doc. 14) at 3. Specifically, Plaintiff asserts that the ALJ failed to give proper weight to the opinion of her treating physician, Dr. Rizwell Khan. *Id*. at 7-13.

## IV. DISCUSSION

The undersigned finds that the ALJ has not provided the requisite good cause to afford Dr. Khan's opinion little weight, making remand necessary. An ALJ must give "substantial or considerable weight" to the opinion of a treating physician unless there exists good cause to do otherwise. *Phillips*, 357 F.3d at 1240 (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists to discount a treating physician's opinion when: (1) the treating physician's opinion was not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.* An ALJ must clearly articulate his or her reason for disregarding the opinion of a treating physician. *Id*.

Opinions on some issues, such as whether a claimant is disabled or unable to work "are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); *see also Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 878 (11th Cir. 2013) (finding doctor's statement that claimant's condition would "likely

prevent her from maintaining gainful employment" was not a medical assessment). Opinions on issues reserved to the Commissioner are not entitled to controlling weight or special significance. SSR 96-5p. Such opinions, however, "must not be disregarded," and the ALJ "must explain the consideration given to the treating source's opinion(s)." *Williams v. Comm'r of Soc. Sec.*, 2008 WL 591288, at *3 (S.D. Ga. Mar. 3, 2008).

Here, Plaintiff argues that the ALJ failed to give the opinion of Dr. Khan, Plaintiff's treating psychiatrist, proper weight. (Doc. 14) at 7-13. On May 2, 2017, Dr. Khan opined that Plaintiff suffered extreme limitation in her ability to interact appropriately with the general public and get along with her coworkers and peers. Tr. 506. Dr. Khan also opined that Plaintiff suffered from marked levels of restriction in her ability to complete daily activities and in her ability to understand, remember, and carry out complex instructions. Tr. 506. He found Plaintiff to be extremely limited in her ability to understand, remember, and carry out repetitive tasks; maintain adequate attendance and concentration for extended periods; maintain regular schedules and attendance; and complete a normal workday or work week without interruption. Tr. 507. Further, Dr. Khan indicated that Plaintiff suffered marked limitation in her ability to sustain a routine without special supervision and in her ability to respond appropriately to supervisors, as well as changes in the work setting. Tr. 507. Finally, Dr. Khan opined that Plaintiff would have extreme limitation in her ability to respond to customary work pressures. Tr. 507.

In assessing Dr. Khan's opinion, the ALJ stated:

> On May 2, 2017, Rizwan Khan, D.O. opined the claimant experienced extreme limitations in her ability to interact appropriately with the general

7

public; get along with co-workers or peers; understand, remember, and carry out repetitive tasks; maintain attention and concentration; perform activities within a schedule; complete a normal workday and work weeks without interruptions from psychologically based symptoms; and respond to customary work pressures. *However, there were multiple mental status exams that were essentially normal.* On August 14, 2017, the claimant's attitude was calm and cooperative although her behavior was fidgety and her mood was anxious (at time). The mental status examination revealed the claimant did not have any suicidal ideations and her insight was fair with good judgment. In addition, on May 15, 2018, the claimant's mental status examination was essentially normal, as her affect was normal and there was no evidence of any unusual movements. Dr. Khan described the claimant's thought process as being organized and goal directed with no suicidal ideations. Moreover, the claimant's insight was fair and her judgment was good with intact memory (Exhibits 15F-17F). *Little weight was given to the opinion of Dr. Khan because his opinion is internally inconsistent with the claimant's objective mental status examinations.* However, the undersigned takes into account the claimant's mental impairments and limits her residual functional capacity accordingly.

Tr. 25 (emphasis added).

The ALJ's justification for discounting the opinion of Dr. Khan's opinion is too general to permit the undersigned to conduct meaningful judicial review of this case. Plaintiff's ability to appropriately function in certain areas—such as cooperativeness, organization, insight, and judgment—does not necessarily equate to her ability to interact appropriately with the general public; get along with co-workers or peers; understand, remember, and carry out repetitive tasks; maintain attention and concentration; perform activities within a schedule; complete a normal workday and work weeks without interruptions from psychologically based symptoms; or respond to customary work pressures. In other words, the fact that Dr. Khan's medical records show that Plaintiff functions well in certain areas does not mean that those records are inconsistent with his

medical source statement that Plaintiff is unable to function well in other areas. Without more explanation from the ALJ as to *why* Dr. Khan's opinion is internally inconsistent with his own medical records, the undersigned cannot find that the ALJ provided proper reasoning for discounting the opinion of Dr. Khan.

This is particularly true considering that the same medical records referenced by the ALJ to discount Dr. Khan's opinion also found abnormalities with Plaintiff's mental functioning. Specifically, those records concluded that Plaintiff was both anxious and fidgety, either of which could be the reason why Dr. Khan limited Plaintiff's ability to function within his medical source statement. The undersigned therefore finds that the ALJ has not provided the requisite good cause to afford Dr. Khan's opinion little weight, making remand necessary. *See Morrison v. Barnhart*, 278 F. Supp. 2d 1331, 1336 (M.D. Fla. 2003) (remanding to the Commissioner because the ALJ's determination that the claimant's treating physician's opinion was "not consistent with the evidence of record as a whole, including the doctor's own examination findings," was too general for judicial review).

## V.   CONCLUSION

For the reasons given above, the decision of the Commissioner is REVERSED and REMANDED. A separate judgment will issue.

DONE this 15th day of January, 2021.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE